<center>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

</center>

| | |
|---|---|
| IN RE: | CHAPTER  13 |
| **Rhonda Yvette Garrett** | CASE NO.: 1:17-bk-02303-HWV |
| *aka* **Rhonda Garrett** | |
| *aka* **Rhonda Williams** | |
| *aka* **Rhonda Yvette Williams** | |
| *aka* **Rhonda Y. Garrett** | |
| *aka* **Rhonda Y. Williams** | |
| **Debtor,** | |

—————————————————/

| | |
|---|---|
| **U.S. Bank Trust National Association,** | Hearing Date: November 5th |
| **as Trustee for CVF III Mortgage Loan Trust II** | Time: 9:30 AM |
| **Movant** | Location: Ronald Reagan |
| | Federal Building |
| **v.** | 228 Walnut Street Rm 320 |
| | Harrisburg, PA 17101 |

**Rhonda Yvette Garrett**
*aka* **Rhonda Garrett**
*aka* **Rhonda Williams**
*aka* **Rhonda Yvette Williams**
*aka* **Rhonda Y. Garrett**
*aka* **Rhonda Y. Williams**
      **Debtor/Respondent**

**Charles J DeHart, III, Esquire**
      **Trustee/Respondent**

—————————————————/

<center>

**<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

</center>

Secured Creditor, U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II, ("U.S. Bank"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Rhonda Y. Williams, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on June 1, 2017.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §
1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes
affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 16, 2006, Debtor executed and delivered a Promissory Note ("Note")
in the original principal amount of $57,600.00. A true and correct copy of the Note is attached
hereto as Exhibit "A."

4. The Note was secured by a Mortgage which was recorded with the Dauphin County
Recorder of Deeds on June 23, 2006, as Instrument Number 20060025061. A true and correct
copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the property located in Dauphin commonly
known as 1834 Regina St, Harrisburg, Pennsylvania 17103 (the "Property").

6. The loan was assigned to U.S. Bank, and said Assignment of Mortgage was recorded
with the Dauphin County Recorder of Deeds on August 25, 2017. True and correct copies of the
Assignment of Mortgages are attached hereto as Exhibit "C."

7. The terms and conditions of the Note and Mortgage were later amended pursuant to
the January 27, 2015, Loan Modification Agreement ("Agreement"), which created a new
principal balance of $45,121.28. A true and accurate copy of the Agreement is attached hereto as
Exhibit "D."

8. Based upon the Debtor(s) First Amended Chapter 13 Plan (Docket No.32), the pre-petition

arrearage is being paid through the Plan, but post-petition payments are to be made outside the Plan, directly to the creditor. A true and correct copy of the Debtor's First Amended Chapter 13 Plan is attached hereto as Exhibit "E."

9. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of 416.44 which came due on June 1, 2019, July 1, 2019, August 1, 2019, and September 1, 2019.

10. Thus, as of September 2, 2019, Debtor's post-petition arrearage totals the sum of $1,665.76.

11. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow U.S. Bank, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, U.S. Bank requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II, respectfully requests, this Honorable Court enter an order modifying the

automatic stay under 11 U.S.C. § 362(d) , to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Respectfullu Submitted,

RAS CITRON, LLC.

By: /s/ Kevin Buttery
Kevin M. Buttery Esquire
PA Bar ID: 319438
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Phone: 470-321-7112 x 221
Fax: 404-393-1425
Email: kbuttery@rascrane.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

IN RE:                                                    CHAPTER 13

Rhonda Yvette Garrett                          CASE NO.: 1:17-bk-02303-HWV
*aka* Rhonda Garrett
*aka* Rhonda Williams
*aka* Rhonda Yvette Williams
*aka* Rhonda Y. Garrett
*aka* Rhonda Y. Williams
    Debtor,
_____/          **Hearing Date: November 5th**
                                                            **Time: 9:30 AM**
U.S. Bank Trust National Association,          **Location: Ronald Reagan**
as Trustee for CVF III Mortgage Loan Trust II   **Federal Building**
    Movant                                 **228 Walnut Street Rm 320**
                                                            **Harrisburg, PA 17101**
v.

Rhonda Yvette Garrett
*aka* Rhonda Garrett
*aka* Rhonda Williams
*aka* Rhonda Yvette Williams
*aka* Rhonda Y. Garrett
*aka* Rhonda Y. Williams
    Debtor/Respondent

Charles J DeHart, III, Esquire
    Trustee/Respondent

_____/

## <u>CERTIFICATE OF NON- CONCURRENCE</u>

The undersigned hereby certifies that Debtor(s) attorney, has not consented to relief. The

Concurrence in this motion was sought on October 8, 2019. Trustee does not typically consent

without Debtor(s)' consent.

Date: October 8, 2019

RAS CITRON, LLC.

By: /s/ Kevin Buttery
Kevin M. Buttery Esquire
PA Bar ID: 319438
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Phone: 470-321-7112 x 221
Fax: 404-393-1425
Email: kbuttery@rascrane.com

# EXHIBIT "A"

# Direct Installment Loan Disclosure and Note

**Borrower:** RHONDA Y WILLIAMS          **Lender:** PNC Bank, National Association

**⊘ PNC BANK**

**Date:** 06/16/2006

Items preceded by "☐" are not applicable unless marked "☒" or the equivalent.

## Truth-in-Lending Disclosures

| ANNUAL PERCENTAGE RATE The cost of the Borrower's credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost the Borrower. | Amount Financed The amount of credit provided to the Borrower or on the Borrower's behalf. | Total of Payments The amount the Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 9.992 % | $75,727.20 | $57,600.00 | $133,327.20 |

The Borrower's Payment Schedule will be:

e means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $ 555.53 | Monthly, beginning 07/21/2006 |

**Security:** Lender is getting a security interest in deposits or property held by Lender and:
☐ None.     ☐ Goods or property being purchased.
☒ Real Estate.

In addition, collateral (other than Borrower's principal residence) securing other obligations to Lender may also secure this Note.
**Security Interest Charges:**
☐ None     ☒ Filing Fees $ 41.50

**Variable Rate:** ☒ Not Applicable.

☐ This loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

☐ If Borrower's participation in the automatic payment plan is discontinued for any reason, the Automatic Payment Plan Discount of ___ percentage points will terminate and may cause the rate to increase. Any increase in the rate will cause the amount of the payments to increase. For example, if your loan were for $10,000.00 at an initial rate of 13 1/2% repayable in 48 monthly payments of $270.76, and the Discount terminated after 12 payments, the payment amount would increase to $ ___ for the remainder of the term of the Note. (The payment example assumes Borrower has not elected to purchase Credit Insurance.)

☐ If Borrower's participation in the Club or Package Plan is discontinued for any reason, the Club Discount of ___ percentage points will terminate and may cause the rate to increase. Any increase in the rate will cause the amount of the payments to increase. For example, if your loan were for $10,000.00 at an initial interest rate of 13 1/2% repayable in 48 monthly payments of $270.76, and the Club Discount terminated after 12 payments, the payment amount would increase to $ ___ for the remainder of the term of the Note. (The payment example assumes Borrower has not elected to purchase Club Insurance.)

☐ If Borrower ceases to be eligible for the Employee Benefit Discount in the interest rate, the interest rate on this loan will increase to a rate calculated by dividing the interest rate stated in this Note by 95%. Any increase in the rate will cause the amount of the payments to increase. For example, if your loan were for $10,000.00 at an initial interest rate of 9.5%, repayable in 48 monthly payments of $251.23, and the Employee Benefit Discount terminated after 12 payments, the payment amount would increase to $322.67 for the remainder of the term of the Note. (The payment example assumes Borrower has not elected to purchase Credit Insurance.)

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

**Late Charge:** ☐ Not Applicable. ☒ If a payment is not paid in full within 15 days of its due date, Borrower may be charged the greater of $20.00 or 10% of the total payment.
**Prepayment:** If Borrower pays off early, Borrower ☐ may ☒ will not have to pay a penalty.
**Required Deposit Balance:** ☒ Not Applicable. ☐ The Annual Percentage Rate does not take into account any required deposit balance.
**Assumption:** If this loan is secured by a dwelling, someone purchasing that dwelling cannot assume the remainder of the loan on the original terms.

### Itemization of Amount Financed

Amount Financed

$ See Settlement Statement
(1) Amount given directly to Borrower
$ See Settlement Statement
(2) Amount paid on Borrower's account
$ See Settlement Statement
(3) Amount retained by Lender for

$ See Settlement Statement
(4) Amount paid to others on Borrower's behalf:
(a) to public officials
$ See Settlement Statement
(b) for credit insurance
$
(c) to See Settlement Statement
$
(d) to
$
(e) to
$
(f) to
$
(g) to
$
(h) to
$
(i) to
$

Prepaid Finance Charge
$ See Settlement Statement

Itemization of Amounts paid by Borrower at the time the loan is made:
(1) ___
See Settlement Statement
(2) ___
(3) ___

---

**Credit Insurance Is Not Required. Borrower May Cancel Credit Insurance at Any Time Without Penalty.** Credit Life Insurance and Credit Disability Insurance are not required to obtain credit, and will not be provided unless Borrower signs below and agrees to pay the additional cost(s). Insurance may be purchased on the life of one or two Borrowers. Credit Disability Insurance may be purchased on only one Borrower. If obtained through Lender the cost of the insurance for the original term of the credit is stated below. Lender may receive financial benefits from the Borrower's purchase of insurance. "Borrower" who is insured may not be a Co-Maker.

I want Single Credit Life Insurance which costs $

_____
Signature of Person to be insured for Single Credit Life Insurance

I want Single Credit Disability Insurance which costs $

_____
Signature of Person to be insured for Single Credit Disability Insurance

We want Joint Credit Life Insurance which costs $

1. _____        2. _____
Signatures of Persons to be insured for Joint Credit Life Insurance

Borrower does not desire or is not eligible for credit insurance:

_Rhonda Y Williams_ (signature)
Signature of Borrower

Notice to Borrowers: The maximum amount of coverage which insured Borrower(s) will receive is set forth in the certificate or policy, as applicable. IF YOU HAVE SIGNED, ABOVE, STATING THAT YOU WANT CREDIT INSURANCE, THIS DOES NOT GUARANTEE YOU HAVE CREDIT INSURANCE. CREDIT INSURANCE MUST BE ELECTED USING A SEPARATE FORM. IF YOU CHOOSE TO ELECT INSURANCE COVERAGE A SEPARATE APPLICATION WILL BE PROVIDED TO YOU.

**Direct Loan Note Index.** The index is for convenience and reference. It shall not limit the meaning or scope of any paragraph or section. The numbers refer to the paragraph numbers of the Note.

| | |
|---|---|
| Acceleration of the outstanding balance | 14 |
| Application of payments | 6 |
| Assignment | 24 |
| Attorneys' fees | 2, 22 |
| Automatic payment plan | 4, 5 |
| Borrower's responsibilities | 2, 14, 25, 27, 31 |
| Changes in interest rate | 5 |
| Closing costs | 2 |
| Club or Package Plan | 5 |
| Collateral | 16, 20, 23 |
| Collection expenses | 2, 22 |
| Communication concerning disputed debts | 29 |
| Computing interest | 7 |
| Court costs | 2, 22 |
| Credit Insurance | 26 |
| Credit reports | 30 |

| | |
|---|---|
| Daily balance | 7 |
| Daily interest rate | 7 |
| Default | 14 |
| Definitions | 1 |
| Delay in enforcement | 10 |
| Deposit | 23 |
| Disputed debts | 29 |
| Early payment | 6 |
| Employee Benefit | 5 |
| Finance charges | 7 |
| Flood insurance | 20 |
| Governing law | 28 |
| Heirs bound | 27 |
| Insurance | 26 |
| Insurance checks | 21 |
| Interest after maturity and judgment | 13 |
| Interest rate | 2, 5, 7, 13 |
| Late charges | 9 |
| Legal fees | 2, 22 |
| Lender | 1 |
| Lender's right to endorse checks | 21 |

| | |
|---|---|
| Monthly payments | 3, 6 |
| Monthly payment changes | 6 |
| Multiple parties | 25 |
| Paid in full checks | 29 |
| Payment application | 6 |
| Payment Due Date | 3 |
| Payment Schedule | 3, 6 |
| Personal representatives bound | 27 |
| Prepayment | 6 |
| Prepayment Penalty | 6, 11 |
| Promise to pay | 2 |
| Property insurance | 20 |
| Release of borrowers | 17 |
| Release of security | 17 |
| Remedies | 14 |
| Return Check Charge | 11 |
| Security interest | 16, 20, 23 |
| Security interest charges | 18 |
| Security interest in deposits | 23 |
| Variable rate | 5 |
| Waiver | 12, 15 |

Original

# Direct Installment Loan Disclosure and Note

**Borrower: RHONDA Y WILLIAMS**      Lender: **PNC Bank, National Association**      Date: 06/16/2006

---

## Direct Installment Loan Note

**1. Definitions.** In this Note, the word "Borrower" means each and all of those who sign this Note and each and all of those who endorse the check which disburses the "Amount given directly to Borrower."

The word "Lender" means PNC Bank, National Association or any person to whom this Note has been transferred.

**2. Borrower's Promise to Pay.** To repay this loan, Borrower promises to pay to Lender $ 57,600.00, with interest on the unpaid balance from the date funds are advanced until paid in full. Interest shall be paid at the rate per annum of 9.990 %. Borrower promises to make payments in accordance with the payment schedule stated in this Note. Borrower promises to pay to Lender all other amounts which may become due under the terms of this Note, including, if applicable, Credit Insurance Premiums, Prepayment Penalty, Late Charges and Costs of Collection. Borrower agrees to make payments at the place designated by Lender. Borrower may also be required to pay to Lender certain other charges before Lender will give any money to Borrower. These charges, if any, are stated on page one in "Itemization of Amounts paid by Borrower at the time the loan is made" and/or in the Settlement Statement.

**3. Payment Schedule.** Borrower agrees to pay to Lender the amounts due under this Note:

[X] in uninterrupted monthly payments: 239 payments of $ 555.53 and a final payment, which will be billed by Lender, of all remaining unpaid amounts. Payments will be due on the same day of each month starting on 07/21/2006.

Payments will continue until all amounts due are paid.

[ ] in uninterrupted monthly payments, except for the months shown:
payments of $ and a final payment, which will be billed by the Lender, of all remaining unpaid amounts. Payments will be due on the same day of each month starting on , PROVIDED, HOWEVER, that no payments shall be due during the months of each year.

[ ] in a single payment of $ plus accrued interest and all other amounts due on

[ ] In addition, prior to the month of the first scheduled payment as stated above, interest shall be payable monthly on the unpaid balance and shall be due on the same day of the month as the later payments.

The date that the final payment is scheduled in this paragraph to be due is called the "Maturity Date" of this Note. If Borrower elects to purchase Credit Insurance and then elects to cancel the Credit Insurance, the Payment Schedule may change as described in the "Credit Insurance" paragraph.

**4. Automatic Payment Plan.** [X] Not Applicable. [ ] Borrower authorizes Lender to deduct the payments on this loan from Borrower's deposit account number on each scheduled payment due date.

**5. Variable Interest Rate.**
(a) **Automatic Payment Plan.** [X] Not Applicable. [ ] The interest rate on this loan may increase by percentage points ("Automatic Payment Plan Discount") if participation in the automatic payment plan is discontinued for any reason, including: (a) if any Borrower chooses to terminate participation; (b) the deposit account identified above is closed; or (c) if there are not sufficient funds in the account to make the full monthly payment on these payment dates.
(b) **Club or Package Plan.** [X] Not Applicable. [ ] Borrower is participating in the package of banking services known as, or is a qualified member of a club known as this loan may increase by percentage points ("Club Discount") if participation in this Package Plan or Club Group is discontinued for any reason.
(c) **Employee Benefit.** [X] Not Applicable. [ ] Borrower is receiving an Employee Benefit Discount in the interest rate on this loan, which is available to employees and retired employees of PNC Financial Services Group and its affiliates (certain executive officers, directors and principal shareholders are not eligible). If Borrower's eligibility for the Benefit ceases at any time during the term of this loan, the interest rate stated in the section of this Note called "Borrower's Promise to Pay" will increase to a rate calculated by dividing that rate by 95%.

**6. Monthly Payment Changes.** If the interest rate on this loan increases, the payment amounts may increase (but will not decrease). Lender will determine the amount of equal monthly payments that would be sufficient to repay in full, by the Maturity Date, the unpaid principal balance that is expected to be due on the payment change date, at the new interest rate. If the payment amount will increase, Lender will notify Borrower of the effective date and amount of the new payment.

**7. Computing Interest.** Interest is charged on a daily basis, according to the outstanding balance subject to interest on each day of the loan term. The daily interest rate is equal to the annual interest rate in effect on that day divided by the number of days in that calendar year. Borrower agrees that because interest is calculated on a daily basis, late payments will result in additional interest (and, if applicable, a late charge); early payments will result in less interest being charged. Early and/or late payments will cause the amount of the final payment to change.

**8. Application of Payments.** Lender will apply payments in the following order of priority: credit insurance premiums, if any, interest, late charges, fees, principal, and then Prepayment Penalty, if applicable. All regular payments will be applied to the satisfaction of scheduled payments in the order in which they become due.

**9. Late Charge.** [ ] Not Applicable. [X] Borrower agrees that Lender may assess a late charge for any payment not paid in full within 15 days of its due date. The late charge will be the greater of $20.00 or 10% of the total amount of the payment which was not paid in full. No late charge will be due, however, if the reason that the payment is late is either: (a) attributable to a late charge assessed on a prior payment; or (b) because, after default by Borrower, the entire outstanding balance on this Note is due. No more than one late charge will be imposed for any single scheduled payment.

**10. Return Check Fee.** Borrower agrees that Lender may assess a fee of $30.00 if Borrower makes a payment with a check that is returned by the drawee for "not sufficient funds" in the account on which the check is written.

**11. Prepayment Penalty.** [X] Not Applicable. [ ] If Borrower prepays the principal outstanding balance and all other amounts which Borrower has promised to pay (not including the Prepayment Penalty) within three (3) years of the date of this Note, Lender may charge Borrower a Prepayment Penalty of $ . If Lender charges a Prepayment Penalty as authorized by this section, Lender may require the Prepayment Penalty to be paid before the Loan is considered paid in full, and Lender may include the amount of the Prepayment Penalty in response to a request by any person for a statement of the amount necessary to pay this loan in full (sometimes called a "payoff letter" or "payoff quote").

**12. Waiver by Lender.** If Borrower has made or makes in the future another loan agreement with Lender, Lender might obtain a security interest in the principal dwelling of Borrower or someone else to secure that other loan agreement. That security agreement and/or if Borrower becomes a debtor in an action filed under the Bankruptcy Code and/or also all other loan agreements of Borrower with Lender. Lender waives (gives up) any right to claim a security interest in the principal dwelling of any person to secure this Note unless the security interest is specifically given to secure this Note.

**13. Interest After Maturity and Judgment.** Unless prohibited by applicable law, interest at the rate provided in this Note shall continue to accrue on the unpaid balance until paid in full, even after (whether by acceleration or otherwise) maturity, and/or if Borrower becomes a debtor in an action filed under the Bankruptcy Code and/or if judgment is entered against Borrower for the amounts due. If at any time interest as provided for in this paragraph is not permitted by law, interest shall, in that event and at that time, accrue at the highest rate allowed by applicable law.

**14. Default.** (As used in this paragraph, the term "Borrower" includes Borrowers, Co-Makers, Guarantors, sureties, and any owner of property which is security for this Note.) Borrower will be in default:

(a) if Borrower does not make any payment before or on the date it is due; or
(b) if Borrower fails to keep any promise made in this Note or defaults in any other note, loan or agreement with Lender; or
(c) if anyone who signs this security agreement or a mortgage securing this Note breaks any promise made in the security agreement or mortgage, including but not limited to the promise not to sell, give away or transfer title to the property which is the subject of the mortgage or security interest; or
(d) if any property in which Lender has obtained a security interest to secure this Note is lost, stolen (and not recovered within a reasonable time) or destroyed; or
(e) if Borrower has made any untrue statement or misrepresentation in the credit application or any other certificate or document given or made for this loan; or
(f) upon the death of Borrower or any one of them, if there is more than one; or
(g) if Borrower provides Lender with false information or forged signatures at any time; or
(h) if a court with proper jurisdiction to do so finds that Borrower, or any one of them, is incapacitated or incompetent; or
(i) if Lender in good faith believes that the prospect of Borrower's paying this Note is impaired.

If Borrower is in default, the entire outstanding balance on this Note shall be immediately due, at the option of the Lender. This will happen without any prior notice to Borrower, or right to cure, except as may be required by law.

Borrower will also be in default:
(i) if Borrower becomes insolvent and/or cannot pay Borrower's debts as they become due; or
(k) if any other creditor tries by legal process to take any money or property of Borrower in the Lender's possession; or
(l) if Borrower files a bankruptcy petition or if anyone files an involuntary bankruptcy against Borrower; or
(m) if Borrower makes an assignment for the benefit of creditors, or any insolvency, reorganization, arrangement, debt adjustment, receivership, trusteeship, liquidation or other legal or equitable proceedings are instituted by or against Borrower; or
(n) if any judgment, tax lien, municipal charge or tax levy is filed or writ of execution is issued against Borrower.

If any event described in (j), (k), (l), (m) or (n) happens, the entire outstanding balance on this Note shall be immediately due without any prior notice to Borrower, or right to cure, except as may be required by law.

A default by Borrower on this Note is a default on every other note, loan or agreement of Borrower with Lender.

**15. General Waiver Provisions.** Borrower waives presentment for payment, demand, protest, notice of protest, dishonor and all other notices or demands in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower further waives any right to require due diligence in collection by Lender. Any Borrower who is a resident of Virginia further waives the benefit of any exemptions under Virginia law as to the property in which the Lender has obtained a security interest to secure the obligations in this Note.

**16. Delay in Enforcement.** Lender can delay enforcing any rights under this Note without losing any rights. Lender's failure to enforce any right under this Note shall not act as a waiver of that right or preclude the exercise of that right in the event of a future occurrence of the same event. Lender can also extend the time allowed for making payments, and such extension shall not affect the obligations of any Borrower, whether or not that Borrower is given notice of the extension.

**17. Release of Some Borrowers or Some Security.** If there is more than one Borrower, each agrees to remain bound by this Note, although Lender may release any other Borrower or release or substitute any property which is security for the repayment of this Note. Borrower waives all defenses based on suretyship and impairment of collateral or security.

**18. Security Interest Charges.** Borrower agrees to pay any recording, filing, satisfaction and encumbrance fees which may be charged. The charges are to repay Lender for the fees paid to public officials to protect, continue, or release any security interest given in the security agreement or mortgage.

# Direct Installment Loan Disclosure and Note

**Borrower: RHONDA Y WILLIAMS**     Lender: PNC Bank, National Association



Date: 06/16/2006

---

### Direct Installment Loan Note – continued

**19. Prepayment.** Borrower may prepay, in full or in part, the amount owed on this Note at any time. On some loans, Borrower will have to pay a Prepayment Penalty if Borrower prepays the loan in full; see the section of this Note called "Prepayment Penalty". If Borrower prepays the loan in part, Borrower agrees to continue to make regularly scheduled payments until all amounts due under this Note are paid.

**20. If Lender Obtains a Security Interest to Secure Borrower's Payment of this Note, Borrower Makes the Following Additional Promises to Lender:**

(a) If property insurance is required by a mortgage and/or security agreement securing the repayment of this Note and/or if flood insurance is required by federal law, BORROWER MAY OBTAIN THE INSURANCE FROM ANYONE OF BORROWER'S CHOICE subject to Lender's reasonable approval. If flood insurance is required, Borrower has been separately notified. The property insurance must cover loss of or damage to the collateral and must be in an amount sufficient to protect Lender's interests; flood insurance must be of the type and in the amount required by federal law;

(b) Borrower agrees to provide Lender evidence of required insurance. All policies must name Lender as a loss payee/secured party and must provide for at least 10 days written notice to Lender of reduction in coverage or cancellation;

(c) If Borrower fails to keep in force the required insurance and/or fails to provide evidence of such insurance to Lender, Lender may notify Borrower that Borrower should purchase the required insurance at Borrower's expense. If Borrower fails to purchase the insurance within the time stated in the notice and/or fails to provide evidence of such insurance to Lender, Lender may purchase insurance to protect Lender's interest, to the extent permitted by applicable law, and charge Borrower the cost of the premiums and any other amounts Lender incurs in purchasing the insurance. THE INSURANCE LENDER PURCHASES WILL BE SIGNIFICANTLY MORE EXPENSIVE AND MAY PROVIDE LESS COVERAGE THAN INSURANCE BORROWER COULD PURCHASE OTHERWISE. Upon demand, Borrower promises to pay Lender the cost of insurance purchased and other amounts incurred by Lender. Borrower agrees that Lender may, if permitted by applicable law, add the cost of the insurance to the amounts on which interest is charged at the rate provided in this Note. In certain states, the required insurance may be obtained through a licensed insurance agency affiliated with Lender. This agency will receive a fee for providing the required insurance. In addition, an affiliate may be responsible for some or all of the underlying insurance risks and may receive compensation for assuming such risks. If additional information is required concerning insurance or our affiliate arrangements, please contact Centralized Customer Assistance, 2730 Liberty Avenue, Pittsburgh, PA 15222;

(d) to pay all taxes due on the collateral. If Borrower does not pay the taxes, Lender has the option to pay the taxes. Upon demand, Borrower promises promptly to repay to Lender any amounts paid by Lender for taxes;

(e) if Lender gets a security interest in stock or securities, the value of the collateral may become insufficient to protect Lender. If that happens, Borrower agrees to deliver to Lender additional collateral which Lender believes will be enough to protect Lender;

(f) to allow Lender the right to inspect the collateral at any reasonable time, and to maintain the collateral in good condition and repair; reasonable wear and tear excepted;

(g) if amounts are advanced by Lender under this Note for taxes and/or insurance, Lender may, at its option, if permitted by applicable law, add the amounts so advanced to the outstanding balance and require repayment with interest by increasing the installment payments so that the outstanding principal balance is repaid in full in substantially equal installments on the due date stated in the payment schedule; and

(h) Borrower's promises made and Lender's rights set forth in this section shall not merge with any judgment in any legal action and shall apply until all amounts owed are paid in full.

**21. Lender May Sign Borrower's Name to Insurance Checks.** Borrower gives Lender the right and power to sign Borrower's name on any check or draft from an insurance company. This is limited to a check or draft in payment of returned premiums, benefits under credit life insurance or credit disability insurance, and claims made under physical damage insurance and flood insurance covering property which is security for this loan. Borrower does not have the right to, and agrees that Borrower will not, revoke the power of Lender to make Borrower's endorsement. Lender may exercise the power for Lender's benefit and not for Borrower's benefit, except as otherwise provided by law.

**22. Costs of Collection.** If Lender files suit or takes action to collect this loan or protect the collateral or the Lender's security interest in it, Borrower agrees to pay Lender's costs and expenses to do so, if Lender is permitted by applicable law to require Borrower to pay those costs. Unless such action is taken in Ohio, this shall include reasonable attorneys' fees and expenses to the maximum amount permitted by applicable law.

**23. Security Interests in Deposits.** The Lender may set-off any amounts due and unpaid under this loan against any of Borrower's money on deposit with Lender. This includes any money which is now or may in the future be deposited with Lender by Borrower or with any co-depositor, including Borrower's spouse. This also includes any property, credits, securities, or money of the Borrower, which may at any time be delivered to or in the possession of the Lender. This may be done without any prior notice to Borrower.

**24. Assignment.** Borrower may not assign or otherwise transfer his rights under this Note to anyone else. Lender may sell, transfer, or assign this Note, and any security agreement and/or mortgage given to secure this Note, and Borrower's rights and obligations under this Note will continue unchanged.

**25. Multiple Parties.** If there is more than one Borrower, each agrees to be responsible to Lender, individually and together, for payment in full of this loan. Borrowers agree that payment of all or part of the proceeds of this Note to any Borrower or to anyone else at the direction of any Borrower will be the equivalent of payment to each Borrower and for the benefit of all Borrowers.

**26. Credit Insurance.** If Borrower has elected to purchase credit insurance, Borrower may cancel that insurance at any time without penalty. In the event of cancellation, the payment amounts shown in the "Payment Schedule" will not decrease; rather, the loan will be paid off more quickly since more of the payment will be directed to payment of the principal balance of the loan.

**27. Heirs and Personal Representatives Bound.** The provisions of this Note shall be binding upon the Borrower, and the heirs and personal representatives of the Borrower.

**28. Governing Law and Construction.** This Note has been accepted by Lender in Pennsylvania and all loans shall be extended by Lender to Borrower in Pennsylvania. Regardless of the state of Borrower's residence or the place to which Borrower submitted an application, Borrower agrees that the provisions of this Note relating to interest, charges and fees shall be governed by and construed in accordance with federal law and, as made applicable by federal law, Pennsylvania law. Unless preempted by federal law, other substantive terms and provisions shall be governed by and construed in accordance with the law of Pennsylvania; procedural matters relating to the enforcement of the obligations evidenced by the Note and matters related to the granting, perfection and enforcement of a security interest securing this Note, if any, shall be governed by the laws of the state where the enforcement, granting or perfection takes place.

**29. Communication Concerning Disputed Debts. ALL COMMUNICATIONS BY BORROWER TO LENDER CONCERNING DISPUTED DEBTS, INCLUDING AN INSTRUMENT TENDERED AS FULL SATISFACTION OF THE LOAN, SHOULD BE SENT TO CENTRALIZED CUSTOMER ASSISTANCE, 2730 LIBERTY AVENUE, PITTSBURGH, PA 15222.**

**30. Credit Reports.** BORROWER AUTHORIZES LENDER TO OBTAIN CREDIT REPORTS ON BORROWER FROM TIME TO TIME AT LENDER'S DISCRETION WHILE BORROWER HAS A LOAN OUTSTANDING WITH LENDER.

**31.** BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETELY FILLED-IN COPY OF THIS NOTE AND DISCLOSURE. BY SIGNING BELOW, BORROWER AGREES TO BE LEGALLY BOUND BY ALL THE TERMS AND CONDITIONS OF THIS NOTE. Each of the Borrowers guarantees that the signature of any Borrower is genuine.

Clark J. Willi_____     6/16/06

Borrower's Signature  RHONDA Y WILLIAMS     Date

_____     _____
Borrower's Signature     Date

**32. CO-MAKERS SEE NOTICE TO CO-SIGNER BELOW.** Any Borrower who in designated as a Co-Maker agrees to be equally responsible with all other Borrowers for the payment of this loan and performance of all promises in this Note.

_____     _____
Co-Maker's Signature     Date

_____     _____
Co-Maker's Signature     Date

---

### NOTICE TO CO-SIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the Borrower. The Lender can use the same collection methods against you that can be used against the Borrower, such as suing you, etc. If this debt is ever in default, that fact may become a part of *your* credit record.

Pay to the Order of
CitiMortgage, Inc.
Without Recourse

*Paul De~~*

Citicorp Trust Bank, FSB
Paul DeGruccio, Vice President


This note is hereby assigned
without recourse to
CITICORP TRUST BANK, fsb
PNC Bank, N.A.

Prepared By and Return To:
Paul Pugzlys
Collateral Department
Meridian Asset Services, Inc.
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

**APN/PIN#**

_____ Space above for Recorder's use _____

Loan No:
Svcr Ln No:

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the
undersigned, **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS OWNER TRUSTEE FOR GFT MORTGAGE LOAN TRUST 2015-GFT1**, whose address
is **500 DELAWARE AVENUE, 11TH FLOOR, WILMINGTON, DE 19801**, (ASSIGNOR), does hereby grant,
assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR CVF III
MORTGAGE LOAN TRUST II**, whose address is **300 DELAWARE AVE., 9TH FL., WILMINGTON, DE
19801**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain
mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to
become due thereon.

Date of Mortgage: **6/16/2006**
Original Loan Amount: **$57,600.00**
Executed by (Borrower(s)): **RHONDA Y. WILLIAMS & CURTIS A. ALLEE AKA CURTIS A. WILLIAMS**
Original Lender: **PNC BANK, NATIONAL ASSOCIATION**
Filed of Record: In Book/Liber/Volume N/A, Page N/A,
Document/Instrument No:          in the Recording District of **DAUPHIN, PA**, Recorded on **6/23/2006**.
**MUNICIPALITY: CITY OF HARRISBURG**

Property more commonly described as: **1834 REGINA ST, HARRISBURG, PA 17103-2544**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:    8-14-17

**WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR GFT MORTGAGE LOAN TRUST 2015-GFT1, BY FAY SERVICING, LLC, ITS ATTORNEY-IN-FACT**

By: **HEATHER NEAL**
Title: **VICE PRESIDENT**

Witness Name: **JOSEPH COUVERTIER**

I hereby certify the precise address of the within named **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR CVF III MORTGAGE LOAN TRUST II** (*Assignee*) *is* **300 DELAWARE AVE., 9TH FL., WILMINGTON, DE 19801**.

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of        **FLORIDA**
County of     **PINELLAS**

On    8 74-17    , before me, **JAMIE OLGIA**, a Notary Public, personally appeared **HEATHER NEAL, VICE PRESIDENT** of/for **FAY SERVICING, LLC, AS ATTORNEY-IN-FACT FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR GFT MORTGAGE LOAN TRUST 2015-GFT1**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify HEATHER NEAL, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **JAMIE OLGIA**
My commission expires: **04/12/2020**

JAMIE OLGIA
MY COMMISSION # FF 981366
EXPIRES: April 12, 2020
Bonded Thru Budget Notary Services

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



## Recorder of Deeds

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

Harrisburg, Pennsylvania

## CERTIFIED END PAGE

INSTRUMENT #:
RECORD DATE: 8/25/2017 3:12:18 PM
RECORDED BY: DJENKYN
DOC TYPE: ASG MTG
AGENT: SIMPLIFILE
DIRECT NAME: WILMINGTON SAVINGS FUND SOCIETY FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRU
INDIRECT NAME: US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR CVF III MORTGAGE LOAN TRUST II

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

AOPC: $35.50

UPICount: 1
UPIFee:     20
UPIList:

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



*James M. Zugay, Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



**Recorder of Deeds**

Harrisburg, Pennsylvania

**CERTIFIED END PAGE**

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

INSTRUMENT # ▮▮▮▮▮▮▮
RECORD DATE: 6/23/2006 1:46:02 PM
RECORDED BY: JSTAZNIK
DOC TYPE: MTG
AGENT: PENN STATE ABSTRACT AGENCY
DIRECT NAME: WILLIAMS, RHONDA Y
INDIRECT NAME:

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

AOPC: $10.00
AFFORDABLE HOUSING: $13.00

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



*James M. Zugay, Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

PREPARED BY:
PNC Bank, NA
2730 Liberty Ave
Pittsburgh, PA 15222
412-768-6398
Return To:
PNC Bank, NA
UPI# 09-027-025

## ASSIGNMENT OF MORTGAGE

THIS ASSIGNMENT OF MORTGAGE IS MADE AS OF THE 16 day of June ,
2006 between PNC BANK, National Association, 2730 Liberty Ave. Pittsburgh, PA 15222
("Assignor") and CITICORP TRUST BANK,fsb, 311 New Rodgers Rd. Suite C, Levittown PA
19056 ("Assignee").

Assignor is the mortgagee under a certain mortgage given and executed by Rhonda Y
Williams and Curtis A Allee AKA Curtis A Williams to CITICORP TRUST BANK, fsb, dated
the 16 day of June, 2006, recorded in Book _____ , No. _____ , Page _____ , etc. (the
"Mortgage"), given to secure the payment of a note of even date thereof in the principal amount
of $57,600.00 dollars with interest, etc. (the "Note"), and secured upon all ■■■■■■
property located at 1834 Regina St Harrisburg PA 17103-2544 ■■■■■■■■■■

Assignor now desires to transfer all of its rights under the Mortgage to Assignee.

NOW THEREFORE, for good and valuable consideration paid by Assignee to Assignor
at the time of the execution hereof, the receipt and sufficiency of which is hereby acknowledged,
Assignor does hereby grant, bargain, sell, assign, transfer and set over unto Assignee, his heirs,
executors, administrators and assigns all rights of Assignor under the Note and the Mortgage, and
all moneys, principal and interest due thereon, together with all rights, remedies and incidents
thereunto belonging, and all Assignor's right, title, interest, property, claim and demand in and to
the same.

TO HAVE, hold, receive and take all and singular the hereditaments and premises hereby
granted and assigned, or mentioned and intended so to be, with the appurtenances, unto the said
Assignee, his heirs, executors, administrators and assigns, to and for his and their only proper use
and benefit forever.

**IN WITNESS WHEREOF,** Assignor has signed this Assignment as of the day and date first written above.

WITNESS:

_Lucille G. Pratt_
«Witness1»

PNC BANK, NA

By: _Patricia H Yee_ (Seal)

PATRICIA H YEE
FINANCIAL SERVICES OFFICER

*It is hereby certified that the address of the assignee within named is:*

CITICORP TRUST BANK, fsb
311 New Rodgers Rd
Suite C
Levittown PA 19056

Certificate of Residence
I, _Lucille Jontilo_ , do hereby certify that the assignee's precise residence is: 311 New Rodgers Rd Suite C Levittown PA 19056

Agent for Assignee
_Lucille G. Pratt_

COMMONWEALTH OF PENNSYLVANIA )
County of Allegheny ) SS

On _June 16, 2006_ , before me, the undersigned notary public in and for this state and county, personally appeared Patricia H Yee who is acknowledged to be the Financial Services Officer of PNC BANK, National Association, and stated that as such officer being authorized to do, and executed the foregoing instrument for the purpose therein contained, for and on behalf of the corporation.

In witness where of, I have set my hand and official seal.

_Jennifer Alexander_ (Seal)
Notary Public in and for the Commonwealth
Of Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Jennifer C. Alexander, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Mar. 7, 2009
Member, Pennsylvania Association of Notaries

Date: 6/15/2006

Time: 2:58:46 PM

RE: RHONDA WILLIAMS

1834 REGINA ST
HARRISBURG, PA 17103
DAUPHIN County

**EXHIBIT 'A'**

ALL THAT CERTAIN plot or parcel of land situate in the Ninth Ward of the City of Harrisburg, Dauphin County, Pennsylvania, bounded and described as follows:

BEGINNING at a point on the northern side of Regina Street, which point is One Hundred Thirty-two (132) feet eight (8) inches East of the northeast corner of Reservoir and Regina Streets, said point being a straight line drawn through the center of a brick partition wall between houses Nos. 1832 and 1834 Regina Street; Thence Northwardly through the center of said brick partition wall of houses Nos. 1832 and 1834 Regina Street, eighty (80) feet nine (9) inches, more or less, to a point on the southern line of a three (3) foot wide private alley running parallel with Whitehall Street; Thence Southeastwardly along the southern line of said three (3) foot wide private alley twenty-nine (29) feet eleven (11) inches, more or less, to a point on the western line of property No. 1836 Regina Street (description in Book 2225, Page 102 erroneously stated 1936 Regina Street) formerly of William L. Gorges and now or formerly of Walter R. Manley, et al; Thence Southwardly at right angles with Regina Street along the western line of said property No. 1836 Regina Street, sixty-six (66) feet, more or less, to the northern line of said Regina Street; Thence Westwardly along the northern line of said Regina Street twenty-six (26) feet to a point, the place of BEGINNING.

SUBJECT nevertheless to the perpetual right of the adjoining property owners to use and repair a certain sewer running across the lot about two (2) feet from the eastern division line of the lot herein described, from the three (3) feet wide alley in the rear of said lot, to Regina Street.

AND, it is further and expressly understood and agreed that no building or obstruction other than an open porch shall be erected beyond the present building line on Regina Street.

DBV 3532 PAGE 576

Page: 5 of 5

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

**Candace E. Meck**
*First Deputy*



**Location:**
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

# Recorder of Deeds

Harrisburg, Pennsylvania

## CERTIFIED END PAGE

RECORD DATE: 6/23/2006 1:46:03 PM
RECORDED BY: JSTAZNIK
DOC TYPE: ASG MTG
AGENT: PENN STATE ABSTRACT AGENCY
DIRECT NAME: PNC BANK, NATIONAL ASSOCIATION
INDIRECT NAME:

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

TOTAL NAMES: $0.50

AOPC: $10.00

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

---

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

Return To:
CT LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA 91209-9071
Phone #: 800-331-3282

Prepared By:
CITIMORTGAGE, INC
JOY OLIVEROS
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON, MO 63368-2240



## ASSIGNMENT OF MORTGAGE

   KNOW ALL MEN BY THESE PRESENTS that Current Beneficiary: Citibank, N.A., successor in interest
by merger to Citicorp Trust Bank, FSB, whose address is 1000 Technology Drive, O'Fallon, MO, 63368,
hereinafter Assignor the holder of the Mortgage hereinafter mentioned, for and in consideration of the
sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by CitiMortgage, Inc., 1000 Technology
Drive, O'Fallon, MO, 63368, Assignee at the time of execution hereof, the receipt whereof is hereby
acknowledged, does hereby grant, bargain, sell, assign, transfer and set over unto the said Assignee, its
successors and assigns, ALL THAT CERTAIN Indenture of Mortgage given and executed by RHONDA Y
WILLIAMS and CURTIS A ALLEE AKA CURTIS A WILLIAMS to Original Beneficiary: PNC Bank,
National Association, bearing the date 06/16/2006, in the amount of $57,600.00, said Mortgage being
recorded on 06/23/2006 in the County of Dauphin County, Commonwealth of Pennsylvania, in Book:
n/a Page: n/a Instrument No: ███████

Being Known as Premises: 1834 Regina St, Harrisburg, PA, 17103-2544
Township: Harrisburg

Description/Additional information: See Exhibit A

 Together with all Rights, Remedies and incidents thereunto belonging.  And all its Right, Title, Interest,
Property, Claim and Demand, in and to the same:

   TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises hereby
granted and assigned, or mentioned and intended so to be, with the appurtenances unto Assignee, its
successors and assigns, to and for its only proper use, benefit and behoof forever; subject, nevertheless,
to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and his/her/their
heirs and assigns therein.

   IN WITNESS WHEREOF, the said Assignor has caused these presents to be duly executed by its
proper officers

This 03/28/2013

Citibank, N.A., successor in interest by merger to Citicorp Trust Bank, FSB

By: *Kimberly Eberhardt*
Kimberly Eberhardt
Vice President

Delivered in the Presence of us;

Attest: *CLE*
Charles L. Edmonson

**CITIBANK**

Citibank, N.A.

STATE OF **MISSOURI, ST. CHARLES COUNTY**

On **March 28, 2013** before me, the undersigned, a notary public in and for said state, personally appeared **Kimberly Eberhardt, Vice President** of **Citibank, N.A., successor in interest by merger to Citicorp Trust Bank, FSB** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

```
LAURA M. JONES
Notary Public - Notary Seal
State of Missouri
Commissioned for St Charles County
My Commission Expires: March 19, 2016
Commission Number: 12316868
```

Notary Public **Laura M. Jones**

Commission Expires: 03/19/2016

The precise address within named Assignee is:
1000 Technology Drive, O'Fallon, MO, 63368

By: *Kimberly Eberhardt*

**ASSIGNMENT OF MORTGAGE**

BETWEEN:
Current Beneficiary: Citibank, N.A., successor in interest by merger to Citicorp Trust Bank, FSB

AND
CitiMortgage, Inc.

MAIL TO:
Current Beneficiary: Citibank, N.A., successor in interest by merger to Citicorp Trust Bank, FSB
1000 Technology Drive, O'Fallon, MO, 63368

# Exhibit A

ALL THAT CERTAIN plot or parcel of land situate in the Ninth Ward of
the City of Harrisburg, Dauphin County, Pennsylvania, bounded and
described as follows:
BEGINNING at a point on the northern side of Regina Street, which point
is One Hundred Thirty-two (132) feet eight (8) inches East of the
northeast corner of Reservoir and Regina Streets, said point being a
straight line drawn through the center of a brick partition wall
between houses Nos. 1832 and 1834 Regina Street; Thence Northwardly
through the center of said brick partition wall of houses Nos. 1832 and
1834 Regina Street, eighty (80) feet nine (9) inches, more or less, to
a point on the southern line of a three (3) foot wide private alley
running parallel with Whitehall Street; Thence Southeastwardly along
the southern line of said three (3) foot wide private alley twenty-nine
(29) feet eleven (11) inches, more or less, to a point on the western
line of property No. 1836 Regina Street (description in Book 2225, Page
102 erroneously stated 1936 Regina Street) formerly of William L.
Gorges and now or formerly of Walter R. Manley, et al; Thence
Southwardly at right angles with Regina Street along the western line
of said property No. 1836 Regina Street, sixty-six (66) feet, more or
less, to the northern line of said Regina Street; Thence Westwardly
along the northern line of said Regina Street twenty-six (26) feet to a
point, the place of BEGINNING.
SUBJECT nevertheless to the perpetual right of the adjoining property
owners to use and repair a certain sewer running across the lot about
two (2) feet from the eastern division line of the lot herein
described, from the three (3) feet wide alley in the rear of said lot,
to Regina Street.
AND, it is further and expressly understood and agreed that no building
or obstruction other than an open porch shall be erected beyond the
present building line on Regina Street.
PARCEL ███████████
DBV 3532 PAGE 576

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



## Recorder of Deeds

Harrisburg, Pennsylvania

### CERTIFIED END PAGE

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

**RECORD DATE: 4/24/2013 10:45:31 AM**
**RECORDED BY: SKREVSKY**
**DOC TYPE: ASG MTG**
**AGENT: CT LIEN SOLUTIONS**
**DIRECT NAME: CITIBANK, N.A.**
**INDIRECT NAME:**

**RECORDING FEES - State: $0.50**
**RECORDING FEES - County: $13.00**
**ACT 8 OF 1998: $5.00**

**TOTAL NAMES: $0.50**


**AOPC: $23.50**


**UPICount:   1**
**UPIFee:     10**
**UPIList:    09-027-025-000-0000**


I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



_____
James M. Zugay, *Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 09-027-025

<div align="center">

**Assignment of Mortgage**

</div>

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **CITIMORTGAGE, INC. 4050 REGENT BLVD, MS N2A-222, IRVING, TX 75063 (Assignor)** by these presents does assign, and set over, without recourse, to **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, SERIES 2013-1 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801 (Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **RHONDA Y WILLIAMS AND CURTIS A ALLEE AKA CURTIS A WILLIAMS** to PNC BANK, NATIONAL ASSOCIATION.   Said mortgage **Dated: 6/16/2006** is recorded in the **State of PA, County of Dauphin on 6/23/2006, as Instrument █████████AMOUNT: $ 57,600.00** SEE ATTACHED EXHIBIT A
    9TH WARD OF THE CITY OF HARRISBURG Property Address: 1834 REGINA ST, HARRISBURG, PA 17103

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper officer.
Executed on: October 15, 2013
CITIMORTGAGE, INC.

By: _____

Michael E. Wileman, Authorized Signator

PA   Dauphin                                CITICAP/WL37-2013/AS

**The Assignee hereby certifies that the precise address of the within named CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, SERIES 2013-1 is 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.**

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 09-027-025

State of Texas, County of Tarrant
     On October 15, 2013, before me, the undersigned, personally appeared Michael E. Wileman, who acknowledged that he/she is Authorized Signator of/ for CITIMORTGAGE, INC. and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of CITIMORTGAGE, INC. .



Notary public, C. Lafferty
My commission expires: November 30, 2014

*13088504*

PA   Dauphin               CITICAP/WL37-2013/AS

**The Assignee hereby certifies that the precise address of the within named CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, SERIES 2013-1 is 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.**

# Exhibit A

ASSIGNMENT FROM PNC BANK, NATIONAL ASSOCIATION TO CITICORP
TRUST BANK, FSB DATED 06/16/06 RECORDED 06/23/06 INST
████████████

ASSIGNMENT FROM CITIBANK, N.A. SUCCESSOR IN INTEREST BY
MERGER TO CITICORP TRUST BANK, FSB TO CITIMORTGAGE, INC.
DATED 03/28/13 RECORDED 04/24/13 INST ████████████

13088504                              CITICAP/WL37-2013/AS
              Dauphin County, PA

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



## Recorder of Deeds

Harrisburg, Pennsylvania

**CERTIFIED END PAGE**

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

RECORD DATE: 10/15/2013 2:14:37 PM
RECORDED BY: CMECK
DOC TYPE: ASG MTG
AGENT: INGEO
DIRECT NAME: CITIMORTGAGE, INC.
INDIRECT NAME: WILMINGTON SAVINGS FUND SOCIETY, FSB TR

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

TOTAL NAMES: $0.50

HARRISBURG CITY

AOPC: $23.50

UPICount: 1
UPIFee: 10
UPIList: 09-027-025-000-0000

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

Prepared by:

    PNC Bank - Consumer Loan Center '
    Mortgage Servicing
    Mailstop P5-PCLC-01-I
    2730 Liberty Avenue
    Pittsburgh,PA 15222
    Telephone 412-762-6728

Return to:  PNC Bank - Consumer Loan Center
    Mortgage Servicing
    Mailstop P5-PCLC-01-I
    2730 Liberty Avenue
    Pittsburgh, PA 15222
    Telephone 412-762-6728

# Mortgage
(Closed-End)

                                                 ◉ PNC BANK

THIS MORTGAGE is made on 06/16/2006 .
The Mortgagor is RHONDA Y WILLIAMS & CURTIS A ALLEE. *AKA CuRTis A WiLLiAms*
If there is more than one, the word "Mortgagor" herein refers to each and all of them.
The Mortgagee is PNC Bank, National Association.
The word "Borrower" means RHONDA Y WILLIAMS .
If there is more than one, the word "Borrower" herein refers to each and all of them.
Borrower owes Mortgagee the sum of Fifty-seven Thousand Six Hundred Dollars And Zero Cents

                                     (U.S. $    57,600.00    ).

This debt is evidenced by Borrower's written obligation (referred to herein as the "Note"), dated 06/16/2006 .

    This Mortgage secures to Mortgagee: (a) the repayment of the debt evidenced by the Note, with interest and other charges as provided herein; (b) the payment of all other sums, with interest thereon, advanced hereunder for the payment of taxes, assessments, maintenance charges, insurance premiums and costs incurred to protect the security of this Mortgage; (c) the payment of all of Mortgagee's costs of collection, *including costs of suit and, if permitted by law, reasonable attorneys' fees and expenses, if suit is filed or other action is taken to collect the sums owing or to protect the security of this Mortgage;* (d) payment of any refinancing, substitution, extension, modification, and/or renewal of any of said indebtedness, interest, charges, costs and expenses; (e) the performance of Mortgagor's and/or Borrower's covenants and agreements under this Mortgage and the Note; and (f) the repayment of the debt evidenced by any note or agreement which was refinanced by the Note, to the extent that such debt is owed to Mortgagee and has not been paid. For this purpose, Mortgagor does hereby mortgage, grant and convey to Mortgagee the following described property, together with all improvements now or hereafter erected, and all easements, rights and appurtenances thereon, located at and known as:

| 1834 REGINA ST | HARRISBURG | | PA | 17103-2544 | DAUPHIN |
| --- | --- | --- | --- | --- | --- |
| Recording Date | | 10/19/1989 | | | |
| Deed Book Number | ████████ | Page Number | | ████████ | |

The word "Property" herein shall mean all of the foregoing mortgaged property.

    To have and to hold the Property unto the Mortgagee, its successors and assigns, forever. Provided, however, that if Mortgagor and/or Borrower shall pay to Mortgagee the said debt, interest, and all other sums and perform all covenants and agreements secured hereby, then this Mortgage and the estate conveyed by it shall terminate and become void.

    Warranty of Title. Mortgagor warrants and represents to Mortgagee that: (a) Mortgagor is the sole owner of the Property, and has the right to mortgage and convey the Property; (b) the Property is unencumbered except for encumbrances now recorded; and (c) Mortgagor will defend the title to the Property against all claims and demands except encumbrances now recorded.

Page 1 of 3

**Covenants.** Mortgagor promises and agrees as follows:

(a) Mortgagor will maintain the Property in good order and repair; (b) Mortgagor will comply with all laws respecting the ownership and/or use of the Property; (c) if the Property is part of a condominium or planned unit development, Mortgagor will comply with all by-laws, regulations and restrictions of record; (d) Mortgagor will pay and/or perform all obligations under any mortgage, lien, or security agreement which has priority over this Mortgage; (e) Mortgagor will pay or cause to be paid all taxes and other charges assessed or levied on the Property when due and, upon Mortgagee's request, will deliver to the Mortgagee receipts showing the payment of such charges; (f) While any part of the debts secured by this Mortgage remain unpaid, Mortgagor promises to obtain and keep in force property insurance and, if required by federal law, flood insurance on the Property. The property insurance must cover loss of or damage to the Property and must be in an amount sufficient to protect Mortgagee's interests; flood insurance must be of the type and in the amount required by federal law. Mortgagor agrees to provide Mortgagee evidence of required insurance. All policies must name Mortgagee as a loss payee/secured party and must provide for at least 10 days written notice to Mortgagee of reduction in coverage or cancellation. Mortgagor gives Mortgagee the right and power to sign Mortgagor's name on any check or draft from an insurance company and to apply the money to any debt secured by this Mortgage. This is limited to checks and drafts in payment of a claim under an insurance policy for loss or damage to the Property or for returned or rebated premiums on policies insuring the Property. Mortgagor does not have the right to, and agrees that Mortgagor will not, revoke the power of Mortgagee to make Mortgagor's endorsement. Mortgagee may exercise the power for Mortgagee's benefit and not for Mortgagor's benefit, except as otherwise provided by law; (g) If Mortgagor fails to keep in force the required insurance and/or fails to provide evidence of such insurance to Mortgagee, Mortgagee may notify Mortgagor that Mortgagor should purchase the required insurance at Mortgagor's expense. If Mortgagor fails to purchase the insurance within the time stated in the notice and/or fails to provide evidence of such insurance to Mortgagee, Mortgagee may purchase insurance to protect Mortgagee's interest, to the extent permitted by applicable law, and charge Mortgagor the cost of the premiums and any other amounts Mortgagee incurs in purchasing the insurance. THE INSURANCE MORTGAGEE PURCHASES WILL BE SIGNIFICANTLY MORE EXPENSIVE AND MAY PROVIDE LESS COVERAGE THAN INSURANCE MORTGAGOR COULD PURCHASE OTHERWISE. Mortgagee may receive reasonable compensation for the services which Mortgagee provides in obtaining any required insurance on Mortgagor's behalf. In certain states, the required insurance may be obtained through a licensed insurance agency affiliated with Mortgagee. This agency will receive a fee for providing the insurance. In addition, an affiliate may be responsible for some or all of the underlying insurance risks and may receive compensation for assuming such risks. If Mortgagor fails to perform any other duty or obligation required by these Covenants, Mortgagee may, at its sole option, advance such sums as it deems necessary to protect the Property and/or its rights in the Property under this Mortgage. Mortgagor agrees to repay Mortgagee any amounts advanced in accordance with this paragraph, with interest thereon, upon demand; (h) Any interest payable to Mortgagee after a judgment is entered or on additional sums advanced shall be at the rate provided for in the Note; (i) Mortgagee may make reasonable entries upon and inspections of the Property after giving Mortgagor prior notice of any such inspection; (j) Mortgagor will not sell, transfer ownership in, or enter into an installment sale contract for the sale of all or any part of the Property; and (k) The promises, agreements and rights in this Mortgage shall be binding upon and benefit anyone to whom the Property or this Mortgage is transferred. If more than one Mortgagor signs this Mortgage, each and all of them are bound individually and jointly. The covenants made in this section and Mortgagee's remedies set forth below shall not merge with any judgment entered in any legal action and shall apply until all amounts owed are paid in full.

**Default.** Mortgagor will be in default under this Mortgage: (a) if there is a default under the Note; (b) if Mortgagor breaks any promise made in this Mortgage; (c) if any Mortgagor dies; (d) if any other creditor tries to take the Property by legal process; (e) if any Mortgagor files bankruptcy or if anyone files an involuntary bankruptcy against any Mortgagor; (f) if any tax lien or levy is filed or made against any Mortgagor or the Property; (g) if any Mortgagor has made any false statement in this Mortgage; or (h) if the Property is destroyed, or seized or condemned by federal, state or local government.

**Mortgagee's Remedies.** Unless prohibited by law, if Mortgagor is in default under this Mortgage, Mortgagee may, at its option, after notice required by law, if any, declare due and payable the entire unpaid balance of the sums which are secured by this Mortgage and owing upon the Note. If Mortgagee so declares such entire balance due and payable, Mortgagee may take possession of the Property, collect any and all rents, apply said rents to the indebtedness secured by this Mortgage, foreclose the Mortgage, or take other action upon the Mortgage as permitted or provided by law to collect the balance owing. If a mortgage foreclosure action or any other action on this Mortgage is filed by Mortgagee, and/or if Mortgagee takes any action to protect or enforce its interest in any court, including Bankruptcy Court, Mortgagor agrees to pay to Mortgagee all expenses and costs of such action, including, if permitted by law, reasonable attorneys' fees to the maximum extent permitted by law.

**Remedies Cumulative.** If any circumstance exists which would permit Mortgagee to accelerate the balance, Mortgagee may take such action at any time during which such circumstance continues to exist. Mortgagee's remedies under this Mortgage shall be cumulative and not alternative.

**Delay in Enforcement.** Mortgagee can delay in enforcing any of its rights under this Mortgage or the Note without losing that right. Any waiver by Mortgagee of any provision of this Mortgage or the Note will not be a waiver of the same or any other provision on any other occasion.

**Assignment.** Mortgagee may sell, transfer or assign this Mortgage without Mortgagor's consent.

**Severability.** If any provision of this Mortgage is held to be invalid or unenforceable, such determination shall not affect the validity or enforceability of the remaining provisions of this Mortgage.

**WITNESS** the signing of this Mortgage on the date set forth above, intending to be legally bound.

Witness _George Nathew_          Mortgagor _Rhonda Y. Williams_

                                                  RHONDA Y WILLIAMS

Witness _George Nathew_          Mortgagor _Curtis A Allee aka Curtis A_

                                  (aso)  AKA CURTIS A Williams        _Williams_

                                                  CURTIS A ALLEE

Acknowledgment taken in the STATE OF PENNSYLVANIA, COUNTY OF _Cumberland_

On this _16th_ day of _June_ _2006_, before me, _Kathleen K. Tannenbaum_, the undersigned officer, personally appeared _Rhonda Y Williams and Curtis A. Allee aka Curtis A. Williams_ known to me (or satisfactorily proven) to be the person(s) whose name(s) is (are) subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In Witness Whereof, I hereunder set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathleen K. Tannenbaum, Notary Public
East Pennsboro Twp, Cumberland County
My Commission Expires May 5, 2008
Member, Pennsylvania Association Of Notaries

Signature _Kathleen K. Tannenbaum_

Title _Notary Public_

**Certificate of Residence**

I, _Lucille Jontho_, do hereby certify that Mortgagee's precise residence is  Consumer Loan Center, 2730 Liberty Avenue, Pittsburgh, PA 15222.

_Lucille J. Ortto_

Agent for Mortgagee

Page _3_ of _3_

Date: 6/13/2008                                                    Time: 2:58:46 PM

Re: RHONDA WILLIAMS                    1834 REGINA ST
                                       HARRISBURG, PA 17103
                                       DAUPHIN County
            EXHIBIT 'A'                             .

ALL THAT CERTAIN plot or parcel of land situate in the Ninth Ward of
the City of Harrisburg, Dauphin County, Pennsylvania, bounded and
described as follows:
BEGINNING at a point on the northern side of Regina Street, which point
is One Hundred Thirty-two (132) feet eight (8) inches East of the
northeast corner of Reservoir and Regina Streets, said point being a
straight line drawn through the center of a brick partition wall
between houses Nos. 1832 and 1834 Regina Street; Thence Northwardly
through the center of said brick partition wall of houses Nos. 1832 and
1834 Regina Street, eighty (80) feet nine (9) inches, more or less, to
a point on the southern line of a three (3) foot wide private alley
running parallel with Whitehall Street; Thence Southeastwardly along
the southern line of said three (3) foot wide private alley twenty-nine
(29) feet eleven (11) inches, more or less, to a point on the western
line of property No. 1836 Regina Street (description in Book 2225, Page
102 erroneously stated 1936 Regina Street) formerly of William L.
Gorges and now or formerly of Walter R. Manley, et al; Thence
Southwardly at right angles with Regina Street along the western line
of said property No. 1836 Regina Street, sixty-six (66) feet, more or
less, to the northern line of said Regina Street; Thence Westwardly
along the northern line of said Regina Street twenty-six (26) feet to a
point, the place of BEGINNING.
SUBJECT nevertheless to the perpetual right of the adjoining property
owners to use and repair a certain sewer running across the lot about
two (2) feet from the eastern division line of the lot herein
described, from the three (3) feet wide alley in the rear of said lot,
to Regina Street.
AND, it is further and expressly understood and agreed that no building
or obstruction other than an open porch shall be erected beyond the
present building line on Regina Street.

DBV ████    PAGE ███

# EXHIBIT "B"

**Prepared By & Return To:**
Fay Servicing, LLC
440 S. LaSalle St., 20th Floor
Chicago, IL 60605

Fay Servicing Loan No.: ▮▮▮▮▮

Received

JAN 2 9 2015

Fay Servicing, LLC

_____[Space Above This Line For Recording Data]_____ ⟵

## LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

Borrowers ("Borrower"): __RHONDA WILLIAMS__
Lender ("Lender"): ___Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as
Trustee for GFT Mortgage Loan Trust, Series 2013-1__
Date of first lien Security Instrument ("Security Instrument") and Note ("Note"): June 16, 2006
Property Address ("Property"): ___1834 REGINA ST, HARRISBURG, PENNSYLVANIA 17103__

This Loan Modification Agreement (the "Agreement"), amends and supplements the Security Instrument and Timely Payment Rewards Rider if any and the Note, bearing the same date as, and secured by the Security Instrument which covers the Property. Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

### RECITALS

WHEREAS, Borrower is prepared to make a principal payment of $ 340.08 and desires a modification of the Loan Documents, as set forth herein; and

WHEREAS, Lender has agreed to modify the Loan Documents in accordance with the terms and conditions set forth in this Agreement upon receipt of $ 340.08 from Borrower.

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated herein by this reference, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lender and Borrower agree as follows.

### COVENANTS AND CONDITIONS

1. This Agreement shall become effective and binding upon Lender's receipt and acceptance of:

    a. This Agreement, properly executed by Borrower, no later than __January 30, 2015__ .

    b. An ACH payment, certified check, money order, or personal check made payable to Fay Servicing, LLC in the amount of $ 340.08 no later than February 01, 2015 (the "Good Faith Payment").

2. If the preconditions to the modification set forth in Section 1 have been met, Lender shall modify the Loan Documents as follows:

    a. As of March 01, 2015 , the amount payable under the Note and the Security Instrument will be reduced by $ 0.00 . Thereafter, the remaining unpaid amount(s) loaned to

Page 1 of 6

Loan Modification Agreement                                        Fay Servicing Loan No ▮▮▮▮▮

Borrower by Lender plus any interest and other amounts capitalized will be $ 60,581.52 (the "New Principal Balance").

b. Lender will amortize $ 45,121.28 of the New Principal Balance (the "Amortized Principal Balance") and defer the remaining $ 15,460.24 of the New Principal Balance until the Maturity Date (the "Deferred Principal Balance").

c. On February 01, 2055 (the "Maturity Date"), Borrower promises to pay $ 0.00 (the "Balloon Payment") and $ 15,460.24 (the "Deferred Principal Balance") to the order of Lender. If on the Maturity Date, Borrower still owes any amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. Borrower promises to pay the Amortized Principal Balance, plus Interest, together with all payments of taxes, insurance premiums, assessments, impounds, and all other related payments (the "Escrowed Funds") to the order of Lender, beginning on March 01, 2015 , and continuing thereafter on the first day of each succeeding month until the Amortized Principal Balance and Interest are paid in full. Interest will begin to accrue on the Amortized Principal Balance at the yearly rate of 5.500 %, beginning on February 01, 2015 . The monthly payment will be $232.72 for Principal and Interest, plus $ 88.20 for Escrow for a total monthly payment of $ 320.92. Please note, however, that the amount of Borrower's Escrow payment may be adjusted periodically in accordance with applicable law and, therefore, the total monthly payment may change accordingly.

4. Lender promises to maintain Borrower's Escrowed Funds in a separately managed account and to pay Borrower's related expenses with Borrower's Escrowed Funds. Lender hereby revokes any waiver as to payment of Borrower's Escrow related expenses.

5. If all of any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Loan Documents. Borrower will continue to be obligated under the Loan Documents unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with the Loan Documents. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

6. Borrower promises to comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date of this Agreement:

   a. All terms and provisions of the Loan Documents (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in the Timely Payment Rewards Addendum to Note and Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   b. All terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Loan Documents and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

   a. If Borrower fails to fulfill the preconditions to the modification set forth in Section 1, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided under the Loan Documents.

   b. All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   c. All covenants, agreements, stipulations, and conditions in the Loan Documents shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Loan Documents shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Loan Documents, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Loan Documents are expressly reserved by Lender.

   d. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Loan Documents.

   e. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   f. Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

Loan Modification Agreement

Fay Servicing Loan N

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement and in any Rider attached hereto and executed by Borrower simultaneously herewith.

**BORROWER:**

_(signature)_

RHONDA WILLIAMS

_Julie Stoessel_

Witness Signature

Printed Name: Julie Stoessel

_Crystalene Edris (signature)_

Witness Signature

Printed Name: Crystalene L. Edris

**ACKNOWLEDGMENT OF BORROWER:**

COUNTY OF Dauphin    }
                     } ss.
STATE OF PA          }

On the 27 day of JANUARY, in the year 20 15, before me, the undersigned, personally appeared RHONDA WILLIAMS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they did execute the foregoing instrument in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual(s) made such appearance before the undersigned in the city of Harrisburg, state of PA.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Teah Lavender, Notary Public
City of Harrisburg, Dauphin County
My commission expires February 03, 2018

_Teah Lavender (signature)_
Notary Public

Printed Name: Teah Lavender

My commission expires: Feb, 03, 2018

Page **4** of **6**

Loan Modification Agreement

Fay Servicing Loan No. ▮▮▮▮

**BORROWER:**

_____

N/A

_____     _____
Witness Signature                                   Witness Signature

Printed Name: _____     Printed Name: _____

## ACKNOWLEDGMENT OF BORROWER:

COUNTY OF _____   }
                              } ss.
STATE OF _____   }

On the _____ day of _____, in the year 20____, before me, the undersigned, personally appeared _N/A_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they did execute the foregoing instrument in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual(s) made such appearance before the undersigned in the city of _____, state of _____.

_____
Notary Public

Printed Name: _____

My commission expires: _____

Page **5** of **6**

Loan Modification Agreement                             Fay Servicing Loan No.: █████

**LENDER:**

Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for GFT Mortgage Loan Trust, Series 2013-1

FAY SERVICING, LLC, its attorney-in-fact

By: _____

Name: _____

Its: _____Vice President_____

Loan Modification Agreement

Fay Servicing Loan No███████

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel ███████████

## Assignment of Mortgage

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS
FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, 2013-1  440 S. LaSalle Street, Suite
2000, Chicago, IL 60605 (Assignor)** by these presents does assign, and set over, without recourse, to **WILMINGTON
SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE
FOR GFT MORTGAGE LOAN TRUST, 2015-GFT1  440 S. LaSalle Street, Suite 2000, Chicago, IL 60605 (Assignee)**
the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **RHONDA Y
WILLIAMS AND CURTIS A ALLEE AKA CURTIS A WILLIAMS** to PNC BANK, NATIONAL ASSOCIATION.    Said
mortgage **Dated: 6/16/2006** is recorded in the **State of PA, County of Dauphin on 6/23/2006, as Instrument** ███████████
**AMOUNT: $ 57,600.00   SEE ATTACHED EXHIBIT A**
  9TH WARD OF THE CITY OF HARRISBURG Property Address: 1834 REGINA ST, HARRISBURG, PA 17103

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper officer.
Executed on: February 17, 2015
CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT
MORTGAGE LOAN TRUST, 2013-1

By: _____

Michael E. Wileman, Authorized Signator

**The Assignee hereby certifies that the precise address of the within named WILMINGTON SAVINGS
FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE
FOR GFT MORTGAGE LOAN TRUST, 2015-GFT1  is 440 S. LaSalle Street, Suite 2000, Chicago, IL
60605.**

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel ███████

State of Texas, County of Tarrant

    On February 17, 2015, before me, the undersigned, personally appeared Michael E. Wileman, who acknowledged that he/she is Authorized Signator of/ for CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, 2013-1 and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR GFT MORTGAGE LOAN TRUST, 2013-1 .



C. LAFFERTY
MY COMMISSION EXPIRES
November 30, 2018

Notary public, C. Lafferty
My commission expires: November 30, 2018

PA  Dauphin

GFT/2015-1/AOMS

# Exhibit A

ASSIGNMENT FROM PNC BANK, NATIONAL ASSOCIATION TO CITICORP
TRUST BANK, FSB DATED 06/16/06 RECORDED 06/23/06 INST
███████

ASSIGNMENT FROM CITIBANK, N.A. SUCCESSOR IN INTEREST BY
MERGER TO CITICORP TRUST BANK, FSB TO CITIMORTGAGE, INC.
DATED 03/28/13 RECORDED 04/24/13 INST ███████

███████                                      GFT/2015-1/AOMS
                Dauphin County, PA



**James M. Zugay, Esq.**
Recorder of Deeds
(717) 780-6560

**Candace E. Meck**
*First Deputy*

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

## Recorder of Deeds

Harrisburg, Pennsylvania

### CERTIFIED END PAGE

INSTRUMENT #: ███████████
RECORD DATE: 2/17/2015 10:13:51 AM
RECORDED BY: CMECK
DOC TYPE: ASG MTG
AGENT: INGEO
DIRECT NAME: WILMINGTON SAVINGS FUND SOCIETY, FSB TR
INDIRECT NAME: WILMINGTON SAVINGS FUND SOCIETY, FSB TR

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

TOTAL NAMES: $0.50

 HARRISBURG CITY

AOPC: $35.50

UPICount: 1
UPIFee: 10
UPIList: ███████████████

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

# EXHIBIT "C"

Rev. 12/01/17

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| Rhonda Yvette Garrett<br>aka Rhonda Y. Garrett<br>aka Rhonda Garrett<br>Rhonda Yvette Williams<br>aka Rhonda Y. Williams<br>aka Rhonda Williams | CASE NO. 1:17-02303<br><br>___ ORIGINAL PLAN<br>1st AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $904.91 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit

payments through the Trustee as set forth below. The total base plan is $ 19,499.81 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/17 | 12/17 | | | | $904.91 |
| 01/18 | 06/22 | $344.35 | $0.00 | $344.35 | $18,594.90 |
| | | | | | |
| | | | | Total Payments: | 19,499.81 |

2.   If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3.   Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4.   CHECK ONE:  ( ✔ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

(    ) Debtor is over median income.  Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.  Additional Plan Funding From Liquidation of Assets/Other**

1.   The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔     No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

_____     Certain assets will be liquidated as follows:

2.   In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

**2. SECURED CLAIMS.**

**A. <u>Pre-Confirmation Distributions</u>.** *Check one.*

____ **None.** *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

____ **None.** *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Citimortgage - 1st Mortgage | 1834 Regina St Hbg Pa 17103 | 9709 |
| | | |
| | | |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Citimortgage - 1st Mortgage | 1834 Regina St Hbg PA 17103 | $6,822.33 | $0.00 | $6,822.33 |
| Capital Region Water | 1834 Regina St Hbg PA 17103 | $5,473.62 | $0.00 | $5,473.62 |
| City of Hbg - Sewer & Trash | 1834 Regina St Hbg PA 17103 | $960.06 | $0.00 | $960.06 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

4

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

5

F. **Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

\_\_\_ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

\_\_\_ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| The name of the holder of the lien. |  |  |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. |  |  |
| A description of the liened property. |  |  |
| The value of the liened property. |  |  |
| The sum of senior liens. |  |  |
| The value of any exemption claimed. |  |  |
| The amount of the lien. |  |  |
| The amount of lien avoided. |  |  |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $ 500.00 already paid by the Debtor, the amount of $ 3,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

6

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✔  None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B.** **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   ✔  None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   ___  Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ✔  None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   ___  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        ✔    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

        ____    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

        ✔    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

        ____    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ✔ plan confirmation.
    ____ entry of discharge.

8

___ closing of case.

7. **DISCHARGE: (Check one)**

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

3.A.2. Necessary attorney time past confirmation will be billed at a rate of $250.00 per hour plus costs.

Dated: 12/11/2017

/s/James P. Sheppard
Attorney for Debtor

/s/Rhonda Yvette Garrett
Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

10

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

IN RE:

CHAPTER 13

**Rhonda Yvette Garrett**
*aka* **Rhonda Garrett**
*aka* **Rhonda Williams**
*aka* **Rhonda Yvette Williams**
*aka* **Rhonda Y. Garrett**
*aka* **Rhonda Y. Williams**
      **Debtor,**

**CASE NO.: 1:17-bk-02303-HWV**

_____/

**Hearing Date: November 5th**
**Time: 9:30 AM**
**Location: Ronald Reagan**
**Federal Building**
**228 Walnut Street Rm 320**
**Harrisburg, PA 17101**

**U.S. Bank Trust National Association,**
**as Trustee for CVF III Mortgage Loan Trust II**
      **Movant**

**v.**

**Rhonda Yvette Garrett**
*aka* **Rhonda Garrett**
*aka* **Rhonda Williams**
*aka* **Rhonda Yvette Williams**
*aka* **Rhonda Y. Garrett**
*aka* **Rhonda Y. Williams**
      **Debtor/Respondent**

**Charles J DeHart, III, Esquire**
      **Trustee/Respondent**

_____/

## NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE

    U.S. Bank Trust National Association, as trustee for CVF III Mortgage Loan Trust II has filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(1) with respect to the Property located at 1834 Regina St Harrisburg Pennsylvania 17103 and for such other and further relief as to the Court may deem just and proper.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

1. If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before October 23, 2019 you or your attorney must do <u>all</u> of the following:

file a response in person or via mail with the Clerk explaining your position at United States Bankruptcy Court, **Ronald Reagan Federal Building 228 Walnut Street Rm 320 Harrisburg, PA 17101**

If you mail your response to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

(a) mail a copy to the movant's attorney:

130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004

2. If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

A hearing on the motion is scheduled to be held before the Honorable Judge Henry W. Van Eck on November 6, 2019 at 9:30 am at **Ronald Reagan Federal Building 228 Walnut Street Rm 320 Harrisburg, PA 17101**

3. If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

4. You may contact the Bankruptcy Clerk's office to find out whether the hearing has been cancelled because no one filed a response.

Date: October 8, 2019

RAS CITRON, LLC.

By: /s/ Kevin Buttery_____
Kevin M. Buttery Esquire
PA Bar ID: 319438
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Phone: 470-321-7112 x 221
Fax: 404-393-1425
Email: kbuttery@rascrane.com

IN RE:                                                    CHAPTER  13

Rhonda Yvette Garrett                                     CASE NO.: 1:17-bk-02303-HWV
*aka* Rhonda Garrett
*aka* Rhonda Williams
*aka* Rhonda Yvette Williams
*aka* Rhonda Y. Garrett
*aka* Rhonda Y. Williams
    Debtor,
_____/                         Hearing Date: November 5th
                                                         Time: 9:30 AM
                                                         Location: Ronald Reagan
U.S. Bank Trust National Association,                     Federal Building
as Trustee for CVF III Mortgage Loan Trust II            228 Walnut Street Rm 320
    Movant                            Harrisburg, PA 17101

v.

Rhonda Yvette Garrett
*aka* Rhonda Garrett
*aka* Rhonda Williams
*aka* Rhonda Yvette Williams
*aka* Rhonda Y. Garrett
*aka* Rhonda Y. Williams
    Debtor/Respondent

Charles J DeHart, III, Esquire
    Trustee/Respondent

_____/

## ORDER OF COURT

    AND NOW, this     day of     , 2019, upon consideration U.S. Bank Trust

National Association, as Trustee for CVF III Mortgage Loan Trust II,Motion for Relief from

Automatic Stay, pursuant to 11 U.S.C. § 362(d) any response thereto, it is hereby

    ORDERED, that the automatic stay provisions of Section 362 of the Bankruptcy Code

are hereby terminated with respect to U.S. Bank Trust National Association, as Trustee for CVF

III Mortgage Loan Trust II, and it is further

ORDERED, that U.S. Bank Trust National Association, as trustee for CVF III Mortgage Loan Trust II, its successors and/or assigns be entitled to proceed with appropriate state court remedies against the property located at 1834 Regina Street, Harrisburg PA 17103, including, but not limited to, a sheriff's sale of the property, and it is further

ORDERED that U.S. Bank Trust National Association, as trustee for CVF III Mortgage Loan Trust II, request to waive the 14-day stay period pursuant to Fed.R.Bankr.P. 4001(a)(3) is GRANTED.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

IN RE:                                                      CHAPTER  13

**Rhonda Yvette Garrett**                    CASE NO.: 1:17-bk-02303-HWV
*aka* **Rhonda Garrett**
*aka* **Rhonda Williams**
*aka* **Rhonda Yvette Williams**
*aka* **Rhonda Y. Garrett**
*aka* **Rhonda Y. Williams**
      **Debtor,**
_____/          **Hearing Date: November 5th**
                                                                 **Time: 9:30 AM**
                                                                 **Location: Ronald Reagan**
**U.S. Bank Trust National Association,**     **Federal Building**
**as Trustee for CVF III Mortgage Loan Trust II**   **228 Walnut Street Rm 320**
      **Movant**                                  **Harrisburg, PA 17101**

**v.**

**Rhonda Yvette Garrett**
*aka* **Rhonda Garrett**
*aka* **Rhonda Williams**
*aka* **Rhonda Yvette Williams**
*aka* **Rhonda Y. Garrett**
*aka* **Rhonda Y. Williams**
      **Debtor/Respondent**

**Charles J DeHart, III, Esquire**
      **Trustee/Respondent**

_____/

## **CERTIFICATE OF SERVICE**

      I, Kevin Buttery certify that I am not less than eighteen (18) years of

age; and that on October 8, 2019,  a Notice of Motion and Motion for Relief from Automatic

Stay Pursuant to 11 U.S.C. §362 (d)(1), was electronically filed with the Clerk of Court and

was served upon the following parties as indicated below:

**Mail Service:** Regular, first-class United States mail, postage full pre-paid, addressed to:

**Rhonda Yvette Garrett**
1834 Regina St
Harrisburg, PA 17103

**VIA ELECTRONIC  ECF NOTIFICATION**

**James P Sheppard, Esquire**
2201 North Second Street
Harrisburg, PA 17110

**Charles J DeHart, III, Esquire**
8125 Adams Drive, Suite A
Hummelstown, PA 17036

**United States Trustee**
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

RAS CITRON, LLC.

By: /s/Kevin Buttery
    Kevin M. Buttery Esquire
    PA Bar ID: 319438
    10700 Abbott's Bridge Rd., Suite 170
    Duluth, GA 30097
    Phone: 470-321-7112 x 221
    Fax: 404-393-1425
    Email: kbuttery@rascrane.com